IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM E. BOWHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-cv-604-WKW |
| | ) |
| OFFICE OF JAMES M. DEIMEN | ) |
| and U.S. PATENT OFFICE | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed August 6, 2010). For good cause, the Magistrate Judge recommends this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. PARTIES AND COMPLAINT**

On July 14, 2010 Plaintiff William Bowhall ("Bowhall" or "Plaintiff") brought eight lawsuits in this district including the one referenced in this opinion. In his complaint, Bowhall complains in a convoluted and conclusory fashion that the Office of James M. Deimen and

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

the United States Patent Office have jeopardized his airfoil designs that he created in 1964 when he was four years old. *See* Doc. 1. He specifically asserts claims for (1) fraud and deceit, (2) negligent misrepresentation, and (3) unfair competition. *Id*. at p. 2. As his factual support, he states that on February 13, 1996, he "received a letter from James Deimen stating fee's paid for a provisional patent application." *Id*. at p. 3. The provisional patent would cost about $2000.00 of which Bowhall would be responsible for half the costs up front. *Id*. In the meantime, from 1996-1998, Bowhall was allegedly placed "under extreme duress" by the City of Howell, the prosecutor's office, and the police department due to "continuous allegations being created against [him]." *Id*. This all lead to him relocating to Opelika, Alabama. *Id*. Bowhall contends this resulted in him failing to pay the provisional patent and attorneys' fees. *Id*. Bowhall further avers that he was never informed about the ailing condition of his lawyer James Deimen until his death in 2007. *Id*.

As relief, Bowhall asks the Court to (1) excuse him from all monies owed to James Deimen, (2) get the current status of his provisional patent application, and (3) if the airfoil design has gone to the public domain, to intercede for the "correction of highly sensitive material" to be placed in Plaintiff's control. *Id*. at p. 4. He also wants the Court's protection for all his "patentable needs" relating to the "airfoil design and its applicatory values." *Id*. He further "requires a change in current patent law and anti-trust law, as they exist." *Id*. Bowhall requests a stay on the provisional patent application until his "issues of multiple civil conspiracies and educational needs are met" and requests prejudgment fees, postjudgment

fees, and costs. *Id*. at p. 5.

The Court previously granted Bowhall's motion to proceed *in forma pauperis*, but entered a stay pending a review of the complaint pursuant to 28 U.S.C. § 1915. The Court also entered an order instructing Bowhall of the need to amend his complaint due to fatal deficiencies which prevented the Court from proceeding. *See* Doc. 6. The Court advised Bowhall that the complaint failed to show how the Middle District of Alabama has jurisdiction over his claims. *Id*. Specifically, (1) the majority of Bowhall's claims would be barred by the statute of limitations as untimely, (2) the U.S. Patent Office would be entitled to sovereign immunity, and (3) the Office of James M. Deimen is located in Michigan and has no ties to the state of Alabama. *Id*. Bowhall was ordered to amend his complaint on or before October 8, 2010 and was warned that failure to comply with the order may result in the dismissal of his action. *Id*.

On October 6, 2010, Bowhall filed *Plaintiffs Motion to Proceed - in Pro-Se*. *See* Doc. 7. No other pleadings were filed. As such, the Court can only conclude that this document is his purported Amended Complaint.

## II.  DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*,

132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). Therefore, a two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section

1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

The Court already determined the complaint filed by Bowhall satisfied the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the Court is of the view, that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

Bowhall's "Motion to Proceed - in Pro-se" fails to comply with the Court's order to

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

amend his complaint. *See* Doc. 7 generally. Specifically, it does not attempt to address the previously identified deficiencies in that it does nothing to address sovereign immunity, statute of limitations, or jurisdiction over the Office of James M. Deimen. Instead, the incoherent conclusions focus on Plaintiff's status as a pauper and his lack of knowledge of the law. *Id*. at p. 2. He also refers to his other cases before this Court and claims copyright over all subject matter involved including his autobiographical account "Blasphemy of a Nation." *Id*. He asks the Court to allow him his constitutional rights to proceed and states "should the need arise, new recourse in constitutional amendments may have to be established concerning the functional applications of his science and technologies as a competative [sic] industry in the State of Alabama, or elsewhere." *Id*. at p. 3.

### A.   U.S. Patent Office

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *see also Ishler v. Internal Revenue*, 237 Fed. Appx. 394, 397 (11th Cir. 2007) (quoting *Sherwood*). Consent to be sued must be "unequivocally expressed" in statutory text to act as a waiver of sovereign immunity and will be strictly construed in favor of the sovereign. *Gomez-Perez v. Potter*, 553 U.S. 474, 128 S.Ct. 1931, 1942-43, 170 L.Ed.2d 887 (2008). The plaintiff bears the burden to establish subject matter jurisdiction, he must prove an explicit waiver of immunity. *Ishler*, 237 Fed. Appx. at 398 (internal citation omitted).

Bowhall makes no reference to any waiver of sovereign immunity, but his complaints

stem from the failure to patent his airfoil designs. The Federal Tort Claims Act ("FTCA") provides for several exceptions to the waiver of sovereign immunity, but there is no waiver for suits arising out of misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(h). Further, there is no waiver for claims based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Finally, the doctrine of sovereign immunity applies in claims against the government where the suit is one "where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985); *see also Ishler*, 237 Fed. Appx. at 398 (quoting *Panola Land*). Bowhall's requests by their very nature seek all three. As there is no waiver of immunity, Bowhall's claims against the U.S. Patent Office are barred by sovereign immunity and merit dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.     Office of James M. Deimen**

The Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also System Pipe & Sup. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (The Court may *sua sponte* raise the issue of personal jurisdiction). "[I]f the

district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed." *Id.* at 640. On its face, the complaint establishes that the Office of James M. Deimen is in Ann Arbor Michigan and relates to a purported provisional patent initiated by Bowhall in 1996. *See* Doc. 1 at p. 2-3. As such, there is not only the question of what possible jurisdiction the Court could have over a law firm in Michigan, but also whether the claims are barred by the statute of limitations.

The Court provided Bowhall the opportunity to amend his complaint to correct these deficiencies, but he made no effort to address these clearly identified issues. The Court provided clear guidance on the deficiencies and warned that noncompliance with the Court's order would be cause for dismissal. As previously noted, even a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure - "particularly after being expressly directed to do so." *Giles*, 359 Fed. Appx. at 93. As such, Bowhall's claims merit dismissal pursuant to 28 U.S.C. § 1915 and failure to obey Court orders.

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) Plaintiff's claims be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii) and for failure to obey Court orders.

(2) Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **November 1, 2010**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 18th day of October, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE